# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF TEXAS, INC., a Texas Nonprofit Corporation, § § § § | |
| INSTITUTE FOR DISABILITY ACCESS, INC., a/k/a ADAPT OF TEXAS, INC., a Texas Nonprofit Corporation, § § § § § | |
| Plaintiffs; § § | |
| v. § | NO. 3:09-CV-1567-F |
| § § | |
| GREG ABBOTT as he is Attorney General of the State of Texas, § § § | |
| Defendant. § § | |

## FINAL JUDGMENT

On this day, the Court entered an order granting in part and denying in part dispositive cross-motions for summary judgment. The Court now enters its Final Judgment pursuant to Fed. R. Civ. P. 58. Plaintiffs challenged a Texas Statute (the "Act") relating to the solicitation of clothing and household good donations. Plaintiffs pursued six claims in this Court. For the reasons stated in the order, the Court finds that severable portions of the Act are (1) unconstitutional content-based restrictions of free speech; (2) unconstitutional violations of equal protection; (3) unconstitutionally underinclusive; (4) unconstitutionally overbroad; and (5) unconstitutional prior restraints of protected speech. The Court does not have jurisdiction to address Plaintiffs' sixth claim, whether the Act violates Article I, Section 8 of the Texas Constitution.

1

The Act regulates in-person, telephonic, and mail solicitations by for-profit entities ("professional resellers") on behalf of charitable organizations. *See generally* Tex. Bus. & Comm. Code §§ 17.923, 17.924. The Act also regulates solicitations placed on receptacles that serve as donation bins. *See generally id.* § 17.922. Plaintiffs have standing to challenge the requirement that a professional reseller must disclose: (1) the identity of the professional reseller; (2) the fact that the donated items would be sold "for profit;" (3) the percentage of the proceeds of the donations that will go to the charitable organization, if applicable; and (4) the flat fee that would go to the charitable organization, if applicable. *See id.* §§ 17.922(a)(3), 17.922(c)-(d), 17.923(c)-(d), 17.924(c)-(d). For the reasons stated in the order, the Court finds constitutional the requirements that professional resellers identify themselves. But the challenged sections are unconstitutional with regard to the requirements that the professional resellers disclose the amount of money going to a charitable organization—whether a flat fee or percentage of the proceeds—and the disclosure of the fact that donated items will be sold "for profit."

Section 17.922(a)(3) is thus constitutional, as it only requires the disclosure of the contact information for any professional reseller. Only part of the disclosure in Section 17.922(c) is constitutional, the portion that reads: "DONATIONS ARE TO (NAME OF FOR-PROFIT ENTITY OR INDIVIDUAL)." *Id.* § 17.922(c). The Court strikes the remainder of the disclosure as unconstitutional: "AND WILL BE SOLD FOR PROFIT. ___ PERCENT (INSERT PERCENTAGE OF ALL PROCEEDS WILL BE DONATED TO (NAME OF CHARITABLE ORGANIZATION.)" *Id.* Similarly, the only disclosure

2

requirement that is constitutional in Section 17.922(d) is the portion that reads: "THIS DONATION RECEPTACLE IS OPERATED BY (NAME OF FOR-PROFIT ENTITY OR INDIVIDUAL) ON BEHALF OF (NAME OF CHARITABLE ORGANIZATION)." *Id.* § 17.922(d). The Court strikes the rest of the required disclosure as unconstitutional: "Donations are sold for profit by (name of for-profit entity or individual) and a flat fee of (insert amount) is paid to (name of charitable organization)." *Id.*

Sections 17.923 and 17.924 have identical disclosure requirements. *See generally id.* §§ 17.923, 17.924. The only portion of the compelled disclosures in subsection (c) of these two sections that is constitutional is the portion that requires professional resellers to state: "DONATIONS TO (NAME OF FOR-PROFIT ENTITY OR INDIVIDUAL)." *Id.* §§ 17.923(c), 17.924(c). The Court strikes the remainder of the compelled disclosure in these two subsections, "WILL BE SOLD FOR PROFIT AND ___ PERCENT (INSERT PERCENTAGE) OF ALL PROCEEDS WILL BE DONATED TO (NAME OF CHARITABLE ORGANIZATION)," *id.*, as unconstitutional. The only portion of the compelled disclosures in subsection (d) of these two sections that is constitutional is the portion that requires professional resellers to state that "SOLICITATIONS FOR DONATIONS ARE MADE BY (NAME OF FOR-PROFIT ENTITY OR INDIVIDUAL) ON BEHALF OF (NAME OF CHARITABLE ORGANIZATION)." *Id.* §§ 17.923(d), 17.924(d). The remaining portions of the compelled disclosures in these two subsections, "Donations will be sold for profit by (name of for-profit entity or individual) and a flat fee of (insert amount) is paid to (name of charitable organization)," *id.*, are struck as unconstitutional.

Judgment is entered in favor of Plaintiffs insofar as the Court finds the statute at issue unconstitutional with respect to the requirements that professional resellers disclose: (1) the fact that donated goods will be sold "for profit;" (2) the percentage of the proceeds that will go to a charitable organization, if applicable; and (3) the flat fee that will be paid to a charitable organization for the use of its name, if applicable. Judgment is entered in all other respects in favor of Defendant.

Signed this 1st day of February, 2010.

*Royal Furgeson*
Royal Furgeson
Senior United States District Judge